IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JOSEPH TERRELL DANIELS                                                                                         PLAINTIFF

v.                                          Civil No. 6:23-CV-06105-SOH-CDC

SERGEANT COGNEY PICKETT,                                                                                   DEFENDANTS
WARDEN JARED BYERS, JUSTINE
MINOR (Disciplinary Hearing Officer),
MARSHALL DALE REED (Chief Deputy
Director)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff filed his Complaint on October 17, 2023. (ECF No. 1). Plaintiff is incarcerated in the Arkansas Division of Correction Ouachita River Unit, and his Complaint centers on his time in that Unit. Plaintiff alleges that on July 26, 2023, a search of Barracks 8 resulted in him receiving a disciplinary charge for the destruction of a light. (*Id*. at 4, 6). Plaintiff does not identify who

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

1

performed the search, but later in the Complaint states that Defendant Sergeant Pickett gave false evidence at his disciplinary hearing and Defendant Disciplinary Hearing Officer Justine Minor refused to let him use camera footage as evidence. (*Id*. at 5). As a result, Plaintiff was convicted of the charge. He alleges he lost all of his good time credit, was given a Class 4 status, was placed in solitary confinement for 30 days, and lost all phone and visitation privileges for a year. (*Id*. at 6). Plaintiff alleges the solitary confinement cell was "infested," but does not identify the infestation. (*Id*.). He alleges that in isolation, he was forced to wear only underwear and socks, and was strip searched whenever he left the cell. (*Id*.). He also alleges the lights in his cell were "super bright" and on 24-hours per day, causing him to lose "vision, thoughts, sleep, and seeing things that was not there." (*Id*.). Plaintiff alleges Defendant Chief Deputy Reed and Defendant Warden Jared Byers "also caused parts of the problem" by finding Plaintiff's grievance steps "not merit."[2] (*Id*.). Plaintiff stresses that he just wants to prove he is innocent, get his class status back, and go home. (*Id*.).

Plaintiff proceeds against Defendants in their individual and official capacities. (*Id*. at 5, 7). (*Id*.). Plaintiff did not check the section of the form to indicate he was asking for monetary damages, but asks for $50,000 due to his suffering from loss of class and privileges and time spent ins a "nasty cell" for something he did not do. (*Id*. at 9). He also asks that his Class 1 status to be reinstated, his phone and visitation reinstated, and money taken from his account returned. (*Id*.). He also requests a transfer to a safer Arkansas Division of Correction Unit where the security is safer, and a lie detector to prove his innocence. (*Id*.).

---

[2] It is not clear whether Plaintiff's grievances concerned the disciplinary charge, the disciplinary sentence, or the conditions of confinement.

## II.  LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.  *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'"  *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."  *Jackson*, 747 F.3d at 544 (cleaned up).  However, the complaint must still allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.  ANALYSIS

Plaintiff's claims concerning his disciplinary charge conviction and sentence are barred by the *Heck* doctrine.  In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a

3

claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87. The Court noted that if a successful claim would not demonstrate the invalidity of an outstanding criminal judgment, it should be allowed to proceed.

The *Heck* doctrine applies to inmate disciplinary proceedings. *Edwards v. Balisok*, 520 U.S. 641 (1997); *Portley-El v. Brill*, 288 F.3d 1063 (8th Cir. 2002). An inmate challenge to the validity of a disciplinary conviction is barred by *Heck*. *Edwards,* 520 U.S. at 646-48. Any challenge to the effect of the disciplinary sanction on the award or revocation of good-time credit is also barred, as the credit will ultimately change the duration of the sentence served. *Id*. Thus, *Heck* requires favorable termination of the disciplinary charge "in an authorized state tribunal or a federal habeas court, even if the claim is for damages rather than earlier release." *Sheldon v. Hundley,* 83 F3d. 231, 233 (8th Cir. 1996); *Cincoski v. Richard*, 418 Fed App'x 571, 571-72 (8th Cir. 2011) (Plaintiff's claims regarding his disciplinary convictions, including restoration of good-time credits, declaratory relief, and damages based on those convictions were *Heck*-barred.)

Here, Plaintiff has not alleged that his disciplinary charge conviction has been favorably terminated. Further, his primary request for relief concerns the return of his class status and good time credit so that he can "go home." Thus, his claims are *Heck*-barred.

Plaintiff also alleges his federal constitutional rights were violated by the conditions in the punitive isolation cell, where he was kept for 30 days as part of his disciplinary charge sentence. Specifically, he alleges he was subjected to constant cell illumination with bright light, he was

permitted to wear only socks and underwear, he was strip searched whenever he left the cell, and the cell was infested in some manner.  Plaintiff alleges the bright lights caused him to lose sleep, thoughts, and vision, and caused him to hallucinate.  Plaintiff also alleges he was denied phone and visitation privileges for a year, starting with his time in the isolation cell.  Bearing in mind that for the purposes of preservice screening the Court must assume as true the allegations in the Complaint, the Court finds Plaintiff has established plausible conditions of confinement claims.

### IV.  CONCLUSION

Accordingly, it is recommended that Plaintiff's claims concerning his disciplinary charge, conviction, and sentence be DISMISSED WITHOUT PREJUDICE.  Plaintiff's conditions of confinement claims should remain for service and further review.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **17th day of November 2023**.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE